UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLVISTEC AG, a German
corporation

      Plaintiff,

v.                                      Case No: 2:18-cv-783-FtM-38CM

EQUITECH INT'L CORP and MIP
TECHNOLOGY CORPORATION,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Unopposed Motion for Clerk's Default filed on January 22, 2019. Doc. 28. On December 18, 2018, Plaintiff filed a motion to strike Defendant Equitech International Corporation's ("Equitech") answer filed *pro se* by its chairman Donald Skelton. Doc. 14; *see* Doc. 11. The Court denied the motion without prejudice, allowing Equitech until January 21, 2019 to retain counsel and have counsel file a notice of appearance with the Court. Doc. 15 at 2. To date, Equitech has not retained counsel and no attorney has filed a notice of appearance on behalf of Equitech. *See generally* Docket. On January 22, 2019, Plaintiff filed a renewed motion to strike Equitech's answer, which the Honorable Sheri Polster Chappell granted on January 24, 2019. Docs. 27, 30. Plaintiff now moves, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of a Clerk's default against Equitech. *Id.* at 1. Equitech does not oppose the requested relief. *Id.* at 2.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d).

Here, the Court finds Plaintiff properly effected service on Equitech. The return of service states that on December 4, 2018, a process server served a true copy of the Summons and Complaint to Donald Skelton, the president of Equitech, at

28648 Lisburn Court, Bonita Springs, Florida. Doc. 17. Service of process was therefore properly effected under Rule 4 of the Federal Rules of Civil Procedure and Florida law. *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(1)(a)-(d). Pursuant to Rule 12, a defendant must serve an answer within 21 days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12. Here, Equitech has not filed a proper answer within the required time, and filed only an improper *pro se* answer through its chairman Donald Skelton. *See* Doc. 11; M.D. Fla. R. 2.03(e). Further, Equitech does not oppose the entry of a Clerk's default against it. *See* Doc. 28 at 2. Therefore, the entry of Clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 1.07(b) of the Middle District of Florida Local Rules is appropriate.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Unopposed Motion for Clerk's Default (Doc. 28) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Equitech International Corporation.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties