UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLVISTEC AG, a German corporation

       Plaintiff,

v.                                            Case No:  2:18-cv-783-FtM-38UAM

EQUITECH INT'L CORP and MIP
TECHNOLOGY CORPORATION,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Colvistec AG's Motion for Default Judgment & to Require Completion of a Fact Information Sheet against Defendant MIP Technology Corporation (Doc. 25) and Unopposed Motion for Default Final Judgment & to Require Completion of a Fact Information Sheet against Equitech Int'l Corp (Doc. 34).  Neither Defendant has responded, and the time to do so has elapsed.

## **Background**

Colvistec is a German corporation specializing in UV-VIS spectroscopy. Defendants are Florida companies that purchased and rented UV-VIS spectroscopy and multiplexer systems from Colvistec.  Colvistec sued Defendants for nonpayment of

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

$110,300.00, plus late fees, interest, and court costs. (Doc. 1). On December 4, 2018, Colvistec served Defendants by delivering a copy of the complaint and summons to Donald Skelton, Director for MIP and President of Equitech. (Doc. 16; Doc. 17). Skelton filed a *pro se* answer, but it was stricken because corporations can only appear in court through licensed attorneys. (Doc. 30). Defendants did not otherwise answer the Complaint, and the Clerk entered defaults against them. (Doc. 24; Doc. 33). Colvistec now seeks final default judgment against both Defendants.

## Discussion

A district court may enter default judgment against a properly served defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). Entry of a default by the Clerk alone does not warrant a default judgment. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). Defendants in default are not "held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* A district court must ensure that the well-pleaded allegations in the complaint are sufficient to state a substantive cause of action and that there is a sufficient basis for the relief sought. *Id.*

### A. Count 1: Account Stated

An "account stated" is "an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *FedEx Techconnect, Inc. v. Camsing Glob. LLC*, No. 8:14-CV-2097-T-35EAJ, 2014 WL 12694153, at *2 (M.D. Fla. Dec. 10, 2014). "A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of intent." *Id.* A debtor's failure to object to an account statement creates such a presumption, but only "when the plaintiff establishes

2

that it had a practice of periodic billing in the regular course of dealing with the defendant."
*Burt v. Hudson & Keyse, LLC*, 138 So. 3d 1193, 1196 (Dist. Ct. App. Fla. 2014).

Colvistec alleges that it transacted with Defendants from January 2015 to June 2018, that it rendered a statement of the transactions to Defendants, and that Defendants did not object to the statement. But Colvistec did not establish a practice of periodic billing in the parties' regular course of dealing, so Defendants' failure to object did not create an implied agreement. *See id.* Colvistec also alleges that Defendants "explicitly acknowledged that these amounts are due and owing" in Exhibit B to the Complaint. (Doc. 1). Exhibit B is a simple table titled "Prioritized Debt services," containing the entry "ColVisTec $95,000.00." (Doc. 1-2). If Exhibit B acknowledges a debt at all, it acknowledges an amount different than that sought by Colvistec. Colvistec's Complaint thus does not sufficiently state a cause for account stated.

### B. Count 2: Unjust Enrichment

To state a claim for unjust enrichment in Florida,

> a plaintiff must sufficiently plead (1) that the plaintiff conferred a benefit on the defendant; (2) that the defendant had knowledge of the benefit; (3) that the defendant accepted or retained the benefit conferred; and (4) that the circumstances are such that allowing the defendant to retain the conferred benefit without paying fair value would be inequitable.

*Rajput v. City Trading, LLC*, 476 F. App'x 177, 180 (11th Cir. 2012). After incorporating jurisdictional allegations, Colvistec's Count 2 states, in full,

> 18. Plaintiff conferred benefits on Defendants, who have knowledge of these benefits, by providing Defendant with $110,300 worth of Goods and Services.
> 19. Defendants voluntarily accepted and retained these benefits.
> 20. The circumstances render Defendants' retention of those benefits inequitable unless Defendants pay Plaintiff for these benefits.

3

([Doc. 1](Doc. 1)). The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…are not entitled to the assumption of truth." *[Ashcroft v. Iqbal](Ashcroft v. Iqbal)*, 556 U.S. 662, 678-79 (2009). Thus, Colvistec's recitation of the elements of unjust enrichment is not deemed admitted by Defendants' default.

### C. Count 3: Goods Sold

"Goods sold" is a common-law cause of action that infers a contract for the sale of goods from the delivery of those goods. See *[Chase & Co. v. Miller](Chase & Co. v. Miller)*, 81 Fla. 472, 477 (1921). It requires the plaintiff to prove (1) that it sold and delivered goods to the defendant; (2) that the defendant failed to pay for such goods; and (3) the price agreed upon for such goods or the value of the goods. *[In re Standard Jury Instructions – Contract and Business Cases](In re Standard Jury Instructions – Contract and Business Cases)*, 116 So. 3d 284, 329 (Fla. 2013); *[Alderman Interior Sys., Inc. v. First National-Heller Factors, Inc.](Alderman Interior Sys., Inc. v. First National-Heller Factors, Inc.)*, 376 So. 2d 22, 24 (Dist. Ct. App. Fla. 1979).

In Count 3, Colvistec demands $110,300 as the agreed-upon price for "the Goods and Services sold and delivered by Plaintiff to Defendants." ([Doc. 1](Doc. 1)). But services are performed, not delivered, and the law does not draw the same presumptions from the performance of services that it does from the delivery of goods. Because Colvistec pled its damages as a single amount, without separating what Defendants owe for goods and what they owe for services, it did not plead Count 3 with sufficient clarity for the Court to determine the appropriate amount of damages.

### Conclusion

Because Colvistec did not sufficiently plead any of its three counts, the Court will dismiss the Complaint with leave to amend. Although the issue of damages is not ripe,

the Court notes that Colvistec has not addressed the appropriate exchange rate to convert Defendants' debts, which appear to be in Euros, to U.S. Dollars. *See Paris v. Central Chiclera, S. de R.L.*, 193 F.2d 960 (5th Cir. 1952).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Colvistec AG's Motion for Default Judgment & to Require Completion of a Fact Information Sheet against Defendant MIP Technology Corporation (Doc. 25) and Unopposed Motion for Default Final Judgment & to Require Completion of a Fact Information Sheet against Equitech Int'l Corp (Doc. 34) are **DENIED**.

(2) Colvistec is **DIRECTED** to inform the Court on or before March 14, 2019, as to how it would like to proceed. Failure to do so will result in the Court dismissing this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of March 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record