# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

COLVISTEC AG, a German corporation,

    Plaintiff,

v.                                            Case No: 2:18-cv-783-FtM-38UAM

EQUITECH INT'L CORP and MIP
TECHNOLOGY CORPORATION,

    Defendants.

## ORDER

This matter comes before the Court upon review of the Motions for Clerk's Default filed on April 8, 2019. Docs. 42, 43. For the reasons stated below, the motions are granted.

On November 26, 2018, Plaintiff filed a Complaint against Defendants alleging claims for account stated, unjust enrichment and goods sold. Doc. 1. On January 4, 2019 and January 25, 2019, respectively, the Court granted Plaintiff's motions for entry of a clerk's default as to Defendant MIP Technology Corporation ("MIP") and Defendant Equitech International Corporation ("Equitech"), finding that service was properly effected on both Defendants and both Defendants failed to timely serve an answer to the Complaint. Docs. 23, 32. On March 6, 2019, the Honorable Sheri Polster Chappell denied Plaintiff's motion for default judgment due to deficiencies in the Complaint, and gave Plaintiff leave to file an amended complaint to attempt to cure the deficiencies. Docs. 36, 38; *see also* Doc. 37. On March 20, 2019, Plaintiff filed an Amended Complaint against Defendants alleging claims for account stated and unjust enrichment but dropping the claim for goods sold. Doc. 39. Plaintiff now moves for entry of clerk's defaults against Defendants as to the Amended Complaint due to their failure to respond. Docs. 42, 43.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Under Rule 5 of the Federal Rules of Civil Procedure, service of a pleading is not required on a party in default unless the pleading asserts a new claim for relief against that party. Fed. R. Civ. P. 5(a)(2). Where changes made in an amended complaint are not substantial, the requirement that a pleading stating a new claim for relief against a party in default must be served on that party is not applicable. *Poitevint v. Dynamic Rec. Srvs., Inc.*, No. 3:10-cv-700-J-12TEM, 2011 WL 201493, at *1 (M.D. Fla. Jan. 20, 2011) (citing *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2008)); *see also Kennedy v. Vercil E. and Helene Senseman LLP*, No. 2:16-cv-133-FtM-99CM, 2016 WL 6879250, at *1 (M.D. Fla. Nov. 22, 2016).

Here, the Court previously found that Defendants were properly served with the Complaint and directed the entry of clerk's defaults against both Defendants. Docs. 23, 32. Plaintiff's Amended Complaint does not assert new claims against either Defendant, and thus service is not required under Rule 5.[1] *See Poitevint*, 2011 WL 201493, at *1; *Kennedy*, 2016 WL 6879250, at

---

[1] The undersigned notes that Plaintiff's counsel has been provided new contact information for individuals at Defendant Equitech International Corporation, and that out of an abundance of caution Plaintiff's counsel mailed and emailed copies of the Amended Complaint to both Defendants. Doc. 42 at

*1; Fed. R. Civ. P. 5(a)(2). As Defendants have failed to respond to the Amended Complaint within the time allotted by Rule 15 of the Federal Rules of Civil Procedure, the undersigned finds the entry of clerk's defaults as to the Amended Complaint appropriate against both Defendants. *See* Fed. R. Civ. P. 15(a)(3).

ACCORDINGLY, it is

**ORDERED:**

The Motions for Clerk's Default (Docs. 42, 43) are **GRANTED**. The Clerk is directed to enter Clerk's Defaults as to the Amended Complaint against Defendants MIP Technology Corporation and Equitech International Corporation.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of April, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record

---

4; Doc. 43 at 3; *see also* Docs. 40, 41. However, the Court already previously found service sufficient upon both Defendants, and service under Rule 4 is not required as to either Defendant since the Amended Complaint makes no substantial changes and both Defendants were already in default as to the Complaint. *See* Docs. 23, 32; Fed. R. Civ. P. 5(a)(2).